UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIMITRI Z. STORM,<br><br>        Plaintiff,<br><br>    v.<br><br>GAVIN NEWSOM, et al.,<br><br>        Defendants. | No. 1:24-cv-00830 GSA (PC)<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS<br><br>ORDER RECOMMENDING DISMISSAL OF THIS ACTION FOR FAILURE TO PROSECUTE AND FOR FAILURE TO OBEY COURT ORDERS<br><br>PLAINTIFF'S OBJECTIONS DUE IN FOURTEEN DAYS |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

For the reasons stated below, the undersigned will recommend that this matter be dismissed for failure to prosecute and for failure to obey court orders. Plaintiff will be given fourteen days to file objections to this order.

I.  RELEVANT PROCEDURAL HISTORY

On July 18, 2024, Plaintiff's complaint and his application to proceed in forma pauperis were docketed. ECF Nos. 1, 2, 6. The next day, Plaintiff's application to proceed in forma pauperis was granted.

1

1   On July 30, 2024, the complaint was screened. ECF No. 8. Ultimately, the undersigned
2   found that the pleading failed to state a claim upon which relief could be granted. Id. at 4-10. As
3   a result, Plaintiff was directed to file an amended complaint. Id. at 12-13. He was given thirty
4   days to do so. Id. at 12.

5   Plaintiff failed to file an amended complaint within the time allotted. As a result, on
6   September 30, 2024, the undersigned ordered Plaintiff to show cause why this matter should not
7   be dismissed for failure to prosecute. ECF No. 9. As an alternative to filing the showing of
8   cause, Plaintiff was also given another opportunity to file an amended complaint. Id. at 2.
9   Plaintiff was given thirty days to take either course of action. Id.

10   More than thirty days have passed and Plaintiff has neither responded to the Court's order
11   to show cause, nor has he filed an amended complaint. Nor has he filed a request for an extension
12   of time to take either course of action. Plaintiff has not responded to the Court's orders in any
13   way.

14   II.   APPLICABLE LAW

15   A.   Federal Rule of Civil Procedure 41(b) and Local Rule 110

16   Federal Rule of Civil Procedure 41 permits this Court to dismiss a matter if a plaintiff fails
17   to prosecute or he fails to comply with a court order. See Fed. R. Civ. P. 41(b). Local Rule 110
18   also permits the imposition of sanctions when a party fails to comply with a court order. L.R.
19   110.

20   B.   Malone Factors

21   The Ninth Circuit has clearly identified the factors to consider when dismissing a case for
22   failure to comply with a court order. It writes:

> A district court must weigh five factors in determining whether to dismiss a case for failure to comply with a court order: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."

28   Malone v. United States Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (quoting Thompson v.

Hous. Auth. of City of Los Angeles, 782 F.2d 829 (9th Cir. 1986) (per curiam)).[1]

### III. DISCUSSION

#### A. Rule 41(b) and Local Rule 110 Support Dismissal of This Case

The fact that Plaintiff has failed to amend the complaint and that he has also failed to respond to the Court's order to show cause warrants dismissal of this matter, in accord with Rule 41(b). This inaction on Plaintiff's part also warrants the imposition of sanctions in the form of dismissal of this case, consistent with Local Rule 110.

#### B. Application of Malone Factors Supports the Dismissal of This Case

##### 1. Expeditious Resolution of Litigation; Court's Need to Manage Its Docket

Plaintiff has been given more than ample time to file an amended complaint and to respond to the Court's order to show cause. Yet, he has failed to do either, nor has he contacted the Court to provide an exceptional reason for not having done so.

The Eastern District Court has an unusually large caseload.[2] "[T]he goal of fairly dispensing justice . . . is compromised when the Court is forced to devote its limited resources to

---

[1] These factors are "not a series of conditions precedent before the judge can do anything," but a "way for a district judge to think about what to do." In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006), (quoting Valley Engineers, Inc. v. Elec. Eng'g Co., 158 F.3d 1051, 1057 (9th Cir. 1998)). They are not a script for making what the district judge does appeal-proof, either. Valley Engineers, Inc., 158 F.3d at 1057; In re Phenylpropanolamine, 460 F.3d at 1226 (quoting Valley Engineers, Inc.).

It is not required that a district court make explicit findings in order to show that it has considered these factors. See Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986). The Ninth Circuit will review the record to independently determine if the district court has abused its discretion by dismissing a case. See Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992) (citations omitted); Malone, 833 F.2d at 130 (stating not necessary for court to make explicit findings that it has considered five factors; appellate court may review record independently). All the same, because this division of the Eastern District prefers that this analysis be done in every matter that is dismissed for failure to prosecute and/or for failure to obey a court order, the Malone analysis is done herein.

[2] The Eastern District of California carries one of the largest and most heavily weighted caseloads in the nation. See Office of the Clerk, United States District Court, Eastern District of California, 2024 Annual Report, "Weighted Filings," p. 35 (2024) ("[O]ur weighted caseload far exceeds the national average . . . ranking us fourth in the nation and first in the Ninth Circuit."). This problem is compounded by a shortage of jurists to review its pending matters. See generally id. (stating 2024 Biennial Judgeship Survey recommended request for four additional permanent judgeships for Eastern District of California).

3

1    the processing of frivolous and repetitious requests." Whitaker v. Superior Court of San
2    Francisco, 514 U.S. 208, 210 (1994) (brackets added) (citation omitted). Thus, it follows that
3    keeping this case on the Court's docket when: (1) it has been determined that the complaint fails
4    to state a claim, and (2) Plaintiff clearly has no interest in prosecuting it in a timely manner, is not
5    a good use of the Court's already taxed resources, and doing so would stall a quicker disposition
6    of this case. Additionally, in fairness to the many other litigants who currently have cases before
7    the Court, no additional time should be spent on this matter, irrespective of any amended
8    complaint that might be filed by Plaintiff after the issuance of this order.

9               2.   Risk of Prejudice to Defendants

10       Furthermore, because Defendants have yet to be served in this case, and, as a result, have
11   not put time and effort into defending against it, there will be no prejudice to them if the matter is
12   dismissed. On the contrary, dismissal will benefit Defendants because they will not have to
13   defend themselves against Plaintiff's complaint.

14              3.   Availability of Less Drastic Sanctions; Favored Disposition of Cases on
15                   Merits

16       Finally, given that Plaintiff has allowed this case to languish on the Court's docket for
17   over five months post-screening, and it has been determined that the complaint has no viable
18   claims, there is no less drastic option than dismissal. Without actionable claims against
19   Defendants, this matter cannot be prosecuted, nor can it be disposed of on its merits.

20       IV.   CONCLUSION
21       For these reasons, consistent with Federal Rule of Civil Procedure 41(b) and Local Rule
22   110, and having considered the Malone factors, the undersigned recommends that this matter be
23   dismissed without prejudice for failure to prosecute and for failure to obey a court order. Plaintiff
24   shall be given fourteen days to file objections to this order.

25       Accordingly, IT IS HEREBY ORDERED that the Clerk of Court shall randomly assign a
26   District Judge to this matter.

27       IT IS FURTHER RECOMMENDED that this matter be DISMISSED for failure to
28   prosecute this case and for failure obey court orders. See Fed. R. Civ. P 41(b); Local Rule 110.

1    These findings and recommendations are submitted to the United States District Judge
2    assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
3    after being served with these findings and recommendations, Plaintiff may file written objections
4    with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings
5    and Recommendations," and it shall not exceed fifteen pages.

6    The Court will not consider exhibits attached to the objections.  To the extent that a party
7    wishes to refer to any exhibit, when possible, the party must reference the exhibit in the record by
8    its CM/ECF document and page number or reference the exhibit with specificity.  Any pages filed
9    in excess of the fifteen-page limit may be disregarded by the District Judge when conducting the
10   28 U.S.C. § 636(b)(l)(C) review of the findings and recommendations.  A party's failure to file
11   objections within the specified time may result in the waiver of certain rights on appeal.  See
12   Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014); Martinez v. Ylst, 951 F.2d 1153 (9th
13   Cir. 1991).

IT IS SO ORDERED.

Dated:   **January 22, 2025**                        **/s/ Gary S. Austin**
                                                     UNITED STATES MAGISTRATE JUDGE